UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER, | Case No. CV 21-9344-DSF (KK) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| SHERI S. KLEEGER, ET AL., | |
| Defendant(s). | |

This Report and Recommendation is submitted to the Honorable Dale S. Fischer, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**SUMMARY OF RECOMMENDATION**

Plaintiff Aaron Raiser ("Plaintiff"), proceeding pro se, filed a First Amended Complaint ("FAC") against defendants Sheri S. Kleeger (a court reporter employed by the United States District Court for the Central District of California), Bruce Disenhouse (defense counsel in a prior action filed by Plaintiff), James C. Duff (director of the Administrative Office of the Courts) in his official capacity, and Does 1-25 (collectively, "Defendants").  ECF Docket No. ("Dkt.") 19.  Plaintiff alleges Defendants conspired to alter the transcript of the first trial in Raiser v. City of

1   <u>Temecula</u>, 5:17-cv-00217-RGK (RAO) ("<u>Raiser I</u>").  <u>Id.</u>  Plaintiff alleges Defendants

2   altered the transcript to prevent him from impeaching a witness during the second

3   trial in <u>Raiser I</u> in violation of Plaintiff's First and Fourteenth Amendment rights to

4   access to the courts and due process.  <u>Id.</u>  For the reasons set forth below, the Court

5   recommends DISMISSING the action with prejudice and without leave to amend.

6                                              **II.**

7                              **PROCEDURAL HISTORY**

8          On December 2, 2021, Plaintiff initiated the instant action by filing a

9   Complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of</u>

10  <u>Narcotics</u>, 403 U.S. 388 (1971) ("<u>Bivens</u>")[1] against defendants Kleeger, Disenhouse,

11  and Does 1-25 alleging they conspired to alter the transcript of the first trial in <u>Raiser</u>

12  <u>I</u> in violation of Plaintiff's First and Fourteenth Amendment rights.  Dkt. 1.

13         On March 1, 2022, defendant Disenhouse filed an Answer to the Complaint,

14  dkt. 12, and a motion for summary judgment, dkts. 14-17.

15         On March 21, 2022, Plaintiff filed the operative FAC pursuant to <u>Bivens</u>

16  against Defendants alleging they conspired to alter the transcript of the first trial in

17  <u>Raiser I</u> in violation of Plaintiff's First and Fourteenth Amendment rights.  Dkt. 19.

18         In <u>Raiser I</u>, Plaintiff sued several City of Temecula police officers and County

19  of Riverside Sheriff's deputies, including deputy Waroff, for unlawfully detaining him

20  on several occasions. See <u>Raiser I</u>, Dkt. 12, FAC.[2]  Plaintiff alleges deputy Waroff

21  testified during the first trial that "he turned his police lights on – the red etc. ones –

22  when he pulled up behind Plaintiff during one of the stops."  Dkt. 19, ¶ 10.

23         The first trial in <u>Raiser I</u> ended in a mistrial.  <u>Id.</u>  Plaintiff alleges that after the

24  mistrial was declared, he saw defendant Disenhouse speaking with defendant Kleeger

25  _____

26  [1] While the Complaint cites both <u>Bivens</u> and 42 U.S.C. §1983, because Plaintiff is
    suing federal actors (and alleging a conspiracy between private and federal actors) and
    is not suing any state actors, the Court must construe the action as being filed

27  pursuant to <u>Bivens</u> only.

28  [2] The Court takes judicial notice of Petitioner's prior proceedings in this Court.  <u>See</u>
    <u>In re Korean Air Lines Co.</u>, 642 F.3d 685, 689 n.1 (9th Cir. 2011).

and "on information and belief" alleges defendant Disenhouse was "talking about getting the trial transcript and on altering Waroff's testimony so that it didn't show up in the transcript that he admitted turning his police lights on when he pulled up behind Plaintiff." Id., ¶ 45. Plaintiff also alleges defendant Kleeger improperly required a $500 deposit from Plaintiff if he wanted to obtain the transcript of the first trial which "delayed/prevented" Plaintiff from having a copy of the transcript until after the retrial, when defendant Kleeger only charged Plaintiff $34 for the excerpts he requested. Id., ¶ 59.

Following the mistrial, Raiser I was re-tried several days later. Id., Dkts. 315, 325. At the re-trial, however, deputy Waroff testified he did *not* activate his police lights. Id., ¶ 11. Plaintiff argues he "should have prevailed at retrial" against deputies Waroff and Nelson if deputy Waroff had testified as he had at the first trial that he had activated his lights. Id.

Plaintiff alleges defendant Kleeger intentionally altered the transcript of the first trial to omit deputy Waroff's statement that he had activated his police lights and defendant Disenhouse "coached" deputy Waroff to change his testimony for the retrial. Id., ¶ 16. Plaintiff further alleges the altered transcript prevented him from impeaching deputy Waroff at the re-trial. Id., ¶ 20.

Based on these allegations, Plaintiff set forth the following four causes of action: (1) Violation of Plaintiff's First and Fourteenth Amendment Rights by defendants Disenhouse and Kleeger; (2) Conspiracy to Violate Plaintiff's First and Fourteenth Amendment Rights by defendants Disenhouse and Kleeger; (3) Declaratory Relief that defendants Disenhouse and Kleeger violated Plaintiff's First and Fourteenth Amendment rights and that "Plaintiff has the right to an accurate transcript . . . or alternatively one that is free from intentional and knowing alterations"; and (4) Mandamus Relief ordering defendant Duff to "produce the original raw electronic notes/file for the transcript created by Kleeger" of the first two days of the first trial in Raiser I. Id. at 12-15.

3

1    On March 23, 2022, defendant Disenhouse filed an Answer to the FAC, dkt.

2    23, and a motion for summary judgment,[3] dkt. 24.

3                                        III.

4                               **LEGAL STANDARD**

5    Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may

6    bring a motion to dismiss for failure to state a claim upon which relief can be granted.

7    In addition, Rule 12(b)(6) permits a court to dismiss a claim sua sponte and without

8    notice "where the claimant cannot possibly win relief."  Omar v. Sea-Land Serv., Inc.,

9    813 F.2d 986, 991 (9th Cir. 1987); see also Sparling v. Hoffman Constr. Co., 864 F.2d

10   635, 638 (9th Cir. 1988).

11   In considering whether a complaint states a claim, a court must accept as true

12   all of the material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93

13   (9th Cir. 2011).  However, the court need not accept as true "allegations that are

14   merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In

15   re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint

16   need not include detailed factual allegations, it "must contain sufficient factual matter,

17   accepted as true, to state a claim to relief that is plausible on its face."  Cook v.

18   Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662,

19   678 (2009)).  A claim is facially plausible when it "allows the court to draw the

20   reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The

21   complaint "must contain sufficient allegations of underlying facts to give fair notice

22   and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d

23   1202, 1216 (9th Cir. 2011).

24   "A document filed pro se is 'to be liberally construed,' and a 'pro se complaint,

25   however inartfully pleaded, must be held to less stringent standards than formal

26

27   _____

[3] Defendant Disenhouse's motion for summary judgment, however, does not raise the

28   issue addressed herein.  Hence, the motion for summary judgment should be deemed
     moot upon acceptance of the instant Report and Recommendation.

1 pleadings drafted by lawyers.'" <u>Woods v. Carey</u>, 525 F.3d 886, 889-90 (9th Cir. 2008).

2 Liberal construction, however, should only be afforded to "a plaintiff's factual

3 allegations," <u>Neitzke v. Williams</u>, 490 U.S. 319, 330 n.9 (1989), and the Court need

4 not accept as true "unreasonable inferences or assume the truth of legal conclusions

5 cast in the form of factual allegations," <u>Ileto v. Glock Inc.</u>, 349 F.3d 1191, 1200 (9th

6 Cir. 2003).

7      If the court finds the complaint should be dismissed for failure to state a claim,

8 the court has discretion to dismiss with or without leave to amend. <u>Lopez v. Smith</u>,

9 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it

10 appears possible the defects in the complaint could be corrected, especially if the

11 plaintiff is pro se. <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106

12 (9th Cir. 1995).  If after careful consideration, however, it is clear a complaint cannot

13 be cured by amendment, the court may dismiss without leave to amend. <u>Cato</u>, 70

14 F.3d at 1107-11; <u>see also</u> <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th Cir. 2009).

15                                        **IV.**

16                                  <u>**DISCUSSION**</u>

17 **A.   APPLICABLE LAW**

18      In <u>Bivens</u>, the Supreme Court "held that, even absent statutory authorization, it

19 would enforce a damages remedy to compensate persons injured by federal officers

20 who violated the prohibition against unreasonable search and seizures." <u>Ziglar v.</u>

21 <u>Abbasi</u>, ⸻ U.S. ⸻, 137 S. Ct. 1843, 1854 (2017) ("<u>Abbasi</u>").  Since <u>Bivens</u> was

22 decided in 1971, however, the Court has only expanded this "implied cause of action"

23 in two other contexts: (1) gender discrimination in violation of the Fifth

24 Amendment's Due Process Clause (<u>Davis v. Passman</u>, 442 U.S. 228, 248-49 (1979));

25 and (2) failure to provide adequate medical treatment in violation of the Eighth

26 Amendment (<u>Carlson v. Green</u>, 446 U.S. 14, 19 (1980)).  <u>See</u> <u>Abbasi</u>, 137 S. Ct. at

27 1857.  Moreover, "the Court has made clear that expanding the <u>Bivens</u> remedy is now

28 a 'disfavored' judicial activity," <u>Abbasi</u>, 137 S. Ct. at 1857 (citing <u>Iqbal</u>, 556 U.S. at

675), and has consistently declined to expand this limited remedy.  See also Vega v. United States, 881 F.3d 1146, 1152 (9th Cir. 2018) (declining to expand the Bivens remedy to First Amendment access to courts and Fifth Amendment right to procedural due process in context of prison disciplinary hearing).  In addition, "[t]he Supreme Court has made clear that it is necessary to determine the availability of a Bivens remedy at the earliest possible stage in a civil action."  DeWilliams v. Groves, No. EDCV 17-0356-GW (PLA), 2019 WL 6481312 at *9 (C.D. Cal. Sept. 10, 2019) (citing Hernandez v. Mesa, ––– U.S. ––––, 137 S. Ct. 2003, 2006 (2017)).

To determine whether a case presents a new Bivens context, the court must determine whether "the case is different in a meaningful way from previous Bivens cases decided by [the Supreme Court]."  Abbasi, 137 S. Ct. at 1859.  If the case presents a new context, the court must examine (1) whether the plaintiff has alternative remedies, and (2) whether there are "special factors counselling hesitation" in the absence of action from Congress.  Id. at 1857-58; Wilkie v. Robbins, 551 U.S. 537, 550 (2007).  "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action."  Abbasi, 137 S. Ct. at 1858.  "'Alternative remedial structures' can take many forms, including administrative, statutory, equitable, and state law remedies."  Vega, 881 F.3d at 1154.

**B.    ANALYSIS**

**1.    Plaintiff's First And Second Causes Of Action For Violation Of The First And Fourteenth Amendment Under Bivens Are Subject To Dismissal**

Plaintiff's first cause of action alleges defendants Kleeger and Disenhouse acted knowingly and intentionally when they violated his First Amendment right to meaningful access to the courts and his Fourteenth Amendment right to due process of law.  Dkt. 19 at 12-13.  Plaintiff's second cause of action alleges defendants Kleeger and Disenhouse acted knowingly and intentionally when they conspired to violate his

1   First Amendment right to meaningful access to the courts and his Fourteenth

2   Amendment right to due process of law.  Id. at 13-14.

3        First, the circumstances of Plaintiff's case plainly present a "new context"

4   under Abbasi.

5        The Supreme Court has never explicitly recognized a Bivens remedy for a First

6   Amendment claim.  See Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) ("We have

7   never held that Bivens extends to First Amendment claims."); but see Iqbal, 556 U.S.

8   at 675 ("[W]e assume, without deciding, that respondent's First Amendment claim is

9   actionable under Bivens.").  While the Ninth Circuit has previously held that Bivens

10  may be extended to First Amendment retaliation claims, see Gibson v. United States,

11  781 F.2d 1334, 1342 (9th Cir. 1986); Moss v. U.S. Secret Serv., 572 F.3d 962, 967 n.4

12  (9th Cir. 2009), neither the Supreme Court nor the Ninth Circuit have expanded

13  Bivens to the context of a First Amendment access to courts claim.  See Vega, 881

14  F.3d at 1154; see also Schwarz v. Meinberg, 761 Fed. Appx. 732, 734 (9th Cir. 2019)

15  (declining to expand Bivens to access-to-court claim against federal officials).

16       In addition, the Supreme Court has never recognized a Bivens remedy for a

17  procedural due process claim.  As an initial matter, because the Fourteenth

18  Amendment is not applicable to the federal government, the Court assumes Plaintiff

19  intended to assert violations of his Fifth Amendment procedural due process rights.

20  See Barona Grp. of Capitan Grande Band of Mission Indians v. Am. Mgmt. &

21  Amusement, Inc., 840 F.2d 1394, 1406 (9th Cir. 1987) ("The equal protection clause

22  of the fourteenth amendment is not applicable to the federal government.  The

23  Supreme Court has found an 'equal protection component' applicable to the federal

24  government in the fifth amendment's due process clause.").  While the Supreme

25  Court recognized a Bivens claim for gender discrimination in violation of the Fifth

26  Amendment in Davis, neither the Supreme Court nor the Ninth Circuit have

27  expanded Bivens to the context of a Fifth Amendment procedural due process claim.

28  See Vega, 881 F.3d at 1154

Second, alternative remedial structures are sufficient to protect Plaintiff's rights, thereby counseling against expanding the <u>Bivens</u> remedy in this context.  The relief Plaintiff seeks in the instant action is available in <u>Raiser I</u>.  To the extent Plaintiff has evidentiary support for his contention that defendant Disenhouse defrauded the court, Plaintiff could seek sanctions against him in that action.  <u>See</u> FED. R. CIV. P. 11(c)(2).  To the extent defendant Kleeger intentionally materially altered the transcript of the first trial, Plaintiff could seek to correct the transcript.  FED. R. CIV. P. 60(a); FED. APP. P. 10(e); <u>Apple Inc. v. Wi-LAN, Inc.</u>, No. 14-CV-2235 DMS (BLM), 2020 WL 10458096, at *4 (S.D. Cal. June 15, 2020); <u>United States v. Anzalone</u>, 886 F.2d 229, 232 (9th Cir. 1989); <u>Cadle Co. v. Dennis (In re Pratt)</u>, 511 F.3d 483 (5th Cir. 2007).  In fact, in <u>Raiser I</u>, Plaintiff has already filed numerous motions to correct the transcript and obtain a copy of the court reporter's shorthand notes.  <u>Raiser I</u>, Dkts. 422, 428, 441.  Moreover, Plaintiff's appeal of the Court's orders denying his requests for relief is still pending.  <u>See id.</u>, Dkt. 448.  Plaintiff may also have state law remedies available.[4]  Furthermore, no court has held that the plaintiff's lack of success while pursuing alternative remedies provides a basis for <u>Bivens</u> relief.  Expanding <u>Bivens</u> in this context, therefore, seems imprudent given the Supreme Court's admonition that "any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages."  <u>Wilkie</u>, 551 U.S. at 550.

Finally, an additional special factor in this action counsels against expanding <u>Bivens</u>.  The instant action appears to be a calculated effort to "judge shop" and find a favorable court to hear Plaintiff's complaints regarding the proceedings in <u>Raiser I</u>.  In fact, Plaintiff filed numerous motions to recuse the district and magistrate judges in <u>Raiser I – all of which have been denied</u>.  <u>Raiser I</u>, Dkts. 32, 197, 210, 219, 355, 363, 427, 442.  Under these circumstances, permitting Plaintiff to proceed on the instant

---

[4] However, "State-law remedies and a potential <u>Bivens</u> remedy need not be perfectly congruent."  <u>Minneci v. Pollard</u>, 565 U.S. 118, 129 (2012).

action would allow him to impermissibly "judge shop." <u>See</u> <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 398 (9th Cir. 1998) (noting a "district court has the inherent power sua sponte to dismiss an action for judge-shopping").

Accordingly, the Court finds it would be inappropriate to expand <u>Bivens</u> to the context of this case.  Hence, Plaintiff's first and second causes of action for violation of his First and Fifth Amendment rights and conspiracy to violate his First and Fifth Amendment rights are subject to dismissal.

**2.      Plaintiff's Third Cause Of Action For Declaratory Relief Is Subject To Dismissal**

Plaintiff's third cause of action seeks declaratory relief confirming defendants Kleeger and Disenhouse violated Plaintiff's First and Fourteenth Amendment rights. Dkt. 19 at 14-15.  However, this claim for declaratory relief is "redundant in the face of the other causes of action, and does not appear to be useful in clarifying the legal relations between the parties." <u>Ballard v. Chase Bank USA, NA</u>, No. 10-CV-790 L (POR), 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010).  Hence, Plaintiff's third cause of action for declaratory relief is subject to dismissal.

**3.      Plaintiff's Fourth Cause Of Action For Mandamus Relief Is Subject To Dismissal**

Plaintiff's fourth cause of action seeks "mandamus relief" requiring defendant Duff, in his capacity as Director of the Administrative Office of the Courts, to "produce the raw electronic notes/file for the transcript created by [defendant] Kleeger" of the first two days of the first trial in <u>Raiser I</u>. Dkt. 19 at 15.  Plaintiff, however, fails to allege any specific facts to support a claim against defendant Duff. <u>See</u> <u>Iqbal</u>, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  Hence, Plaintiff's fourth cause of action for mandamus relief is subject to dismissal.

///

1

## V.

2

## **RECOMMENDATION**

3      IT IS THEREFORE RECOMMENDED that the Court issue an Order: (1)

4  accepting this Report and Recommendation; and (2) DISMISSING the action with

5  prejudice and without leave to amend.[5]

6

7  Dated: May 12, 2022

8                                              _____
                                               HONORABLE KENLY KIYA KATO
9                                              United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  [5] Plaintiff previously filed an ex parte application seeking leave to file a Second
    Amended Complaint.  Dkt. 28.  However, the proposed Second Amended Complaint
27  sets forth the same causes of action against the same Defendants.  Hence, amendment
    would be futile.  <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.3d 1293, 1298 (9th Cir. 1998)
28  ("[L]eave to amend need not be granted when 'any amendment would be an exercise
    in futility.'").