UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RAISER,<br><br>Plaintiff,<br><br>v.<br><br>SHERI S. KLEEGER, ET AL.,<br><br>Defendant(s). | Case No. CV 21-9344-DSF (KK)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, the relevant records on file, and the Report and Recommendation of the United States Magistrate Judge. The Court has engaged in de novo review of those portions of the Report to which Plaintiff has objected.

In Plaintiff's Objections, he argues the Ninth Circuit's decision in Antoine v. Byers & Anderson, Inc., 950 F.2d 1471, 1473 (9th Cir. 1991) extended Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) ("Bivens") liability to the context of First Amendment access to courts and Fourteenth Amendment due process claims. See dkt. 57 at 1-2 (citing). However, Antoine did not extend Bivens

| | |
|---|---|
| 1 | liability to First Amendment access to courts and Fourteenth Amendment due |
| 2 | process claims.  Rather, the Ninth Circuit merely assumed the complaint alleged facts |
| 3 | sufficient to support a Bivens claim, but based its decision to dismiss the action on an |
| 4 | absolute immunity defense.  Id.  Moreover, the United States Supreme Court, in |
| 5 | reversing Antoine, specifically noted it had "no occasion to comment on the validity |
| 6 | of petitioner's underlying cause of action" because "the only question presented by |
| 7 | the certiorari petition relates to the absolute immunity defense on which the Court of |
| 8 | Appeals based its decision."  Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 432 |
| 9 | n.2 (1993). |
| 10 | Plaintiff also seeks leave to amend the First Amended Complaint to add a claim |
| 11 | under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et |
| 12 | seq. ("RICO") as well as unspecified state law claims.  Plaintiff's proposed conclusory |
| 13 | allegations are insufficient to state a claim under RICO.  Ashcroft v. Iqbal, 556 U.S. |
| 14 | 662 at 678 ("Threadbare recitals of the elements of a cause of action, supported by |
| 15 | mere conclusory statements, do not suffice."); In re Gilead Scis. Sec. Litig., 536 F.3d |
| 16 | 1049, 1055 (9th Cir. 2008) (the court need not accept as true "allegations that are |
| 17 | merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). |
| 18 | Moreover, Plaintiff's unsupported allegation that multiple court reporters, a federal |
| 19 | judge, and defense counsel conspired to alter a transcript to allow a witness to offer |
| 20 | perjured testimony upon retrial of Plaintiff's civil action in order to prevent Plaintiff |
| 21 | from prevailing on one of several claims in that action is simply not plausible.  Id. at |
| 22 | 679 ("To survive a motion to dismiss, a complaint must contain sufficient factual |
| 23 | matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . The |
| 24 | plausibility standard . . . asks for more than a sheer possibility that a defendant has |
| 25 | acted unlawfully. |
| 26 | /// |
| 27 | /// |
| 28 | /// |

1       Hence, the Court accepts the findings and recommendation of the Magistrate Judge. IT IS THEREFORE ORDERED that Judgment be entered dismissing this action with prejudice and without leave to amend.

Dated: June 9, 2022

                                         /s/ Dale S. Fischer
                                         HONORABLE DALE S. FISCHER
                                         United States District Judge